## VERNER v. SULLIVAN.

1. An attorney at law, employed as assistant counsel in a cause, argued it on Circuit, and prepared an argument for the hearing on appeal, and gave this argument to the attorney of record. He then asked for a payment, which being refused, he brought action for his fee. *Held,* that the plaintiff had not abandoned the cause, and that a motion for non-suit was properly refused.

2. An attorney, not employed by special contract for an entire case, who abandons the case without detriment to his client, may recover on a *quantum meruit* for the services actually rendered.

3. In this case there was no entire contract, and the plaintiff was entitled to recover.

Before WITHERSPOON, J., Greenville, April, 1888.

This was an action commenced by James H. Whitner, and after his death continued by D. P. Verner, his administrator, against Hewlett Sullivan. The opinion states the case.

*Messrs. Perry, Perry & Heyward* and *J. A. Mooney,* for appellant.

*Mr. C. M. Furman,* contra.

March 19, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action brought to

recover compensation for professional services, as a lawyer, alleged to have been rendered to the defendant, at his request, by the late James H. Whitner. It appears from the testimony that the defendant had, through his counsel, Messrs. Perry & Perry, instituted an action against the Sullivan Manufacturing Company, and that about a year after that action had been commenced, the services of Mr. Whitner were engaged by the present defendant as assistant counsel in the case. The testimony tends to show that the case involved interesting and novel questions of law, which were stoutly litigated, both in the Circuit and the Supreme Court. There was no testimony tending to show that there was any special contract between the parties, either verbally or in writing, and the claim of the plaintiff was based wholly on a *quantum meruit.* The fact that the services were rendered, and that their value was at least as much, if not more than the amount allowed by the jury, was abundantly shown by the testimony.

At the close of the testimony on behalf of the plaintiff, the counsel for defendant moved for a non-suit, upon the ground "that the plaintiff having left the employment of the defendant before the cause in which he was engaged had been brought to a close, he could not recover." This motion was refused, the Circuit Judge saying: "I see no ground for a non-suit. There is no proof of his making an entire contract with the man, and he was of counsel." The jury having rendered a verdict for the plaintiff, the defendant appeals: "Because, it is submitted, that inasmuch as it appeared from the testimony that the plaintiff had abandoned the cause in which he was employed before said cause was concluded, he was not entitled to recover, and the motion for non-suit should have been granted."

It seems to us that the main fact, to wit, that the plaintiff had abandoned the cause, upon which this appeal rests, does not appear in the record. The principal, if not the only, testimony on that subject, comes from Mr. Whitner, who said, in answer to the allegation of the defendant that he had abandoned the cause: "No, sir; I was merely of counsel, and the case was finished practically, but there was a little accounting to be done, which any school-boy could have done, and I wrote Mr. Sullivan that the

case had been heard, and he must pay me something for it." It is true, that on the cross-examination Mr. Whitner did say that he brought this action before the case was argued the last time in the Supreme Court, but it appeared from another part of his testimony that he had prepared a written argument for the Supreme Court and furnished it to Mr. Perry, who was counsel of record. This testimony does not show that Mr. Whitner had abandoned the cause, certainly not so clearly as to warrant a motion for non suit.   Mr. Whitner was merely assistant counsel, and after having twice argued the case in the Circuit Court, and prepared a written argument for the Supreme Court, it could scarcely be said that he had abandoned the case, when it was practically finished, and nothing remained to be done, except "a little accounting," which the counsel of record were abundantly able to attend to, and in which they probably did not need or desire the assistance of Mr. Whitner.

But even assuming that Mr. Whitner, at some stage of the cause, did abandon the case, we do not think that would necessarily defeat his right to recovery under the facts of the case.   It does not appear that there was any special contract between the parties whereby Mr. Whitner undertook to represent the defendant throughout the whole case, nor is the action based upon such special contract.   On the contrary, it is based solely on a *quantum meruit*, and is fully sustained by the testimony.   It may be that if there had been a special contract whereby Mr. Whitner had agreed to serve the defendant as his counsel throughout the case for a stipulated sum, that he could not recover such sum, or any part thereof, until he had fully performed his part of the contract.   But even in such a case the contract may be terminated by the conduct of the parties, in which case the employee would have the right to recover on a *quantum meruit* the value of the services which he had actually rendered to his employers. See *Watts* v. *Todd*, 1 *McMull.*, 26; *Byrd* v. *Boyd*, 4 *McCord*, 246.   So, too, if an attorney employed in a cause, even without a special contract, should abandon the case under circumstances that worked detriment to his client, the damages thereby occasioned may be a proper element to be considered in determining the right of the attorney to recover on a *quantum meruit*.   But

nothing of the kind appears in this case, and therefore we need not enter into any consideration of what would be the rule in such a supposed case.

The case of *Clendinen* v. *Black* (2 *Bail.*, 488), relied on by counsel for appellant, is not in point. In that case the action was on a note given as a fee to Mr. Clendinen for defending a case in equity, and he having died before the case terminated in an action on the note by his administratrix, it was held that she could only recover such a proportion of the note as the value of the services actually rendered bore to the value of the whole services represented by the amount of the note. So that it is quite clear that the point decided in that case has no bearing on the question now under consideration. It is true that O'Neall, J., in delivering the opinion, does make the remark in passing that if the deceased had in his life-time abandoned his client's cause, he could not have recovered on the note—a *dictum* which, when properly qualified, we are not disposed to dispute. For if the note be regarded as the evidence of a special contract whereby the attorney undertook the defence of the case for the amount specified in the note, he could not, of course, recover *on the note* if he abandoned the cause ; because that is nothing more than saying that a person cannot recover upon a special contract without showing that he has fully performed his part of the contract. The case is likened by Judge O'Neall to a contract of hiring, and *Bacot* v. *Parnell* (2 *Bail.*, 424) is referred to, where the same judge says : "A contract of hiring is generally an entire contract ; but still there are cases in which an apportionment is allowed. One of the most common cases is that of an overseer. In the case of *Byrd* v. *Boyd* (4 *McCord*, 246) the rule was established that in cases of this class it might always be fairly left to the discretion of a jury, where one of the parties had put an end to the contract, to say whether the entire sum agreed to be paid, a part of it, or none should be paid." So that it seems that even where the contract is entire, it does not necessarily follow, in every case, that a party may not recover in proportion to the value of the services actually rendered.

Be that as it may, however, we see no evidence of any entire contract in this case. Mr. Whitner was simply employed as assist-

ant counsel, without any special contract as to the amount or value of the services required, and so far as appears from the testimony, he seems to have rendered the services usually expected of such counsel, and was clearly entitled to recover the value of such services.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.